```
1   UNITED STATES DISTRICT COURT
    EASTERN DISTRICT OF NEW YORK
2   ----------------------------------------x
    UNITED STATES OF AMERICA,
3
                           08 cr 0076
4

5         versus          United States Courthouse
                          225 Cadman Plaza East
6   AGATE, ET AL,         Brooklyn, N.Y.  11201

7
                    DEFENDANTS.
8
    ----------------------------------------x
9
                                 August 5th, 2008
10                               10:00 a. m.
            TRANSCRIPT OF CONFERENCE
11  Before:  HON. JACK B. WEINSTEIN,
                    UNITED STATES DISTRICT COURT JUDGE
12

13
                           APPEARANCES
14

15
    BENTON J. CAMPBELL
16  United States Attorney - Eastern District of New York
    271 Cadman Plaza East
17  Brooklyn, New York  11201
            JOSEPH LIPTON, ESQ.
18          ROGER BURLINGAME, ESQ.
            EVAN NORRIS, ESQ.
19          DANIEL BROWNELL, ESQ.
            MARISSA SEIFAN, ESQ.
20
    Assistant United States Attorneys
21

22

23
    ATTORNEYS FOR CHARLES CARNEGLIA:      KELLEY SHARKEY, ESQ.
24                                        CURTIS FARBER, ESQ.

25  ATTORNEY FOR VINCENT DECONGILIO:      JAMES MERBERG, ESQ.
```

ATTORNEYS FOR NICHOLAS COROZZO:        DERMUID WHITE, ESQ.
                                       GERALD MCMAHON, ESQ.

Reporter:           LISA SCHMID, CCR, RMR
                    225 Cadman Plaza East Rm 354E
                    Brooklyn, New York  11201
                    718) 613-2644

Proceedings recorded by mechanical stenography, transcription
by CAT.

1          THE COURT:  Good morning, everyone.

2          MR. LIPTON:  Good morning, Judge.

3          THE COURT:  Sit down, everyone.

4          Mr. Carneglia?

5          THE DEFENDANT:  Right here.

6          THE COURT:  Counsel?

7          THE CLERK:  Counsel?

8          MS. SHARKEY:  Kelly Sharkey for Mr. Carneglia.

9          MR. FARBER:  And Curtis Farber for Mr. Carneglia.

10    Good morning, Your Honor.

11          THE COURT:  Mr. Decongilio?

12          MR. MERBERG:  James Merberg, appearing for Mr.

13    Decongilio, Your Honor.

14          THE COURT:  Mr. Corozzo?

15          MR. WHITE:  Dermuid White and Gerald McMahon for Mr.

16    Corozzo.

17          MR. LIPTON:  Good morning, Your Honor.  Joey Lipton,

18    Roger Burlingame, Daniel Brownell, Marissa Seifan and Evan

19    Norris for the government.

20          THE COURT:  Well, as I understand it, we have two

21    problems here today.  Mr. Decongilio and Mr. Corozzo want to be

22    severed.  Mr. Carneglia wants an immediate trial.  Mr.

23    Carneglia wants more time, correct?

24          MR. FARBER:  Correct, Judge.

25          THE COURT:  Is that what we're --

1          MS. SHARKEY:  And disclosure of the documents the

2     Court has previously ordered.

3          MR. MERBERG:  With regard to Mr. Decongilio, I don't

4     believe we have asked for an immediate trial.  We haven't

5     received any discovery.  We are asking for a severance.

6          THE COURT:  I'm not going to sever it unless we have

7     an immediate trial.  I've got a very heavy trial calendar that

8     runs.  I've got a jury selected already in the ferry boat case.

9     I've got the gun cases immediately following.  I've got the

10    capital case immediately following that.  Then I have that

11    securities case, which has bounced around the court and up and

12    down to the Court of Appeals, following that.

13         So I can't get to this case until December, January,

14    because where I'm faced with a defendant charged with five

15    murders, some of them running back many years.  Obviously, the

16    discovery and the motion practice is going to be very

17    difficult.

18         The other two defendants are relatively light,

19    compared to this one defendant, as I understand from my reading

20    of it, but I may be wrong.  I'll hear from everybody.

21         Now, I could slip this case in immediately, or else it

22    will go over into December, January -- if I sever it and try it

23    immediately.  And that means it's the only slot I possibly have

24    here is an August 18th date.  That presses the Court very hard.

25    It presses everybody, I know.

1        If you want an August 18th date for the other

2  defendants, I'll sever you and put you on right away, and order

3  immediate discovery of everything.  Open up the files, and

4  let's get to work.  No big secrets, anyway.  I mean, we're just

5  fencing around.

6        Do you want to really try the case?  Do you want to

7  really have a severance?  You think you have a shot?  Let's go

8  and try it.  Let's be practical about it.  What do you want to

9  do?  Do you want to consult with your clients?

10        MR. WHITE:  Yes.

11        MR. MCMAHON:  Yes.

12        THE COURT:  But that's the only thing I can do for

13  you.  In a five murder case, I cannot force that defendant to

14  trial immediately.  It would be absurd.  Discovery has got to

15  go into all of those crimes.  It's going to take months.

16        The other two defendants are relatively light.  I

17  don't say that they're unimportant charges.  Every charge is

18  important to the defendant, of course.  It's the kind of case

19  where I might even want to consider some kind of arrangement.

20        But I'll hear from the government, then go consult,

21  and we'll put you back on the calendar for a little later in

22  the morning.  We have got to be practical about it.

23        What's the government's view?

24        MR. LIPTON:  Yes, Judge.

25        From the government's perspective, the practical

reality of an August 18th date is that we are going to be very

pressed, as Your Honor said.

THE COURT:  (Shrugs shoulders.)

MR. LIPTON:  What we intended to do, we will be doing

is superseding, we believe, as to all three of these

defendants.

THE COURT:  I really don't want to hear about the

superseding.  I am not going to allow a supersession to

continually put off trials of these cases.  You have got a

whole mob here indicted.

I'm prepared to try that whole mob and sentence the

whole mob.  And I put every effort of the Court into getting

these cases ready for trial and sentence.  And I'm not going to

be fobbed off by supersession.

So if you supersede, I'll try it on whatever remains

of the prior indictment.  And as far as the defendants are

concerned, they may have a double jeopardy problem or they may

want to try it all together, because they don't want to have

two bites at the apple for the government.  Those are all

practical considerations.

MR. LIPTON:  (Nods head affirmatively.)

THE COURT:  But let's be realistic about what we have.

Every other defendant in this mob case -- if I may so

characterize it only for the purpose purposes of discussion,

without coming to any conclusions with respect to the realities

1    of the situation -- every other defendant is now up for

2    sentencing.  You have got these three.  One of them is a nine

3    hundred pound gorilla case.  I won't characterize what the

4    other two are, but they're relatively much lighter.

5            MR. LIPTON:  Well, Judge, we are not in any way, shape

6    or form indicating that we're superseding to fob off the case

7    or in any way to try to delay matters.  We indicated that we

8    were going to do that at the last status conference, and even

9    before.

10           The reality is that we've been getting this case very

11   quickly through the system, and now we're down to these final

12   three defendants, the only defendants that are left out of 62

13   defendants.

14           And the case against Mr. Carneglia, obviously, is very

15   serious, five murders.  The case against Mr. Corozzo, also very

16   serious.  There's two murders.  There is also almost a dozen

17   extortion charges that involve -- probably be a hundred hours

18   of tapes.

19           Trying to get either one, two or three with

20   Mr. Decongilio ready to go to trial in two weeks, essentially,

21   it will be 13 days, with the government requesting an anonymous

22   jury, which we think is warranted under the circumstances,

23   would just, I think -- and I would think be a reasonable

24   characterization -- just not something that we would be able to

25   do.

1          THE COURT:  What is the basic charge against

2    Decongilio?

3          MR. LIPTON:  He's charged in the RICO conspiracy with

4    two predicate acts, one narcotics offense and one loansharking.

5          THE COURT:  Those are very simple.

6          MR. LIPTON:  They are not very complicated, Judge.

7    Correct.  There is, however, enterprise evidence.  There's

8    certain things relating to the RICO that the government would

9    have to put on to prove the charges, so it necessarily makes it

10   somewhat --

11         THE COURT:  The case is about a three or four day

12   case.

13         MR. LIPTON:  Judge, we don't see it that way, just

14   because we have several witnesses, and it just -- even if Your

15   Honor was trying to press things along, as you I know Your

16   Honor will, I don't think it's going to be that quick of a

17   trial.

18         THE COURT:  Corozzo, what's the case against Corozzo?

19   Murder?

20         MR. LIPTON:  There's a double murder.  There were also

21   a dozen extortions involving one main cooperating witness that

22   involved what we're trying to pare down, but is probably going

23   to be in the neighborhood of anywhere from fifty to a hundred

24   hours of tapes that we're going to play, and we're doing our

25   best to get those narrowed down.  You know the advantages of

1   doing that.  But that is also going to be a couple of months

2   just to get that through the system.

3          And then Carneglia, with the five murders, in addition

4   to other charges is in a similar time frame of a couple months.

5          We would like to get these cases completed, Your

6   Honor, but August 18th is just -- would put some severe

7   limitations --

8          THE COURT:  It's the only time I have.

9          MR. LIPTON:  Judge, we understand Your Honor's

10  schedule is very tight.  You're trying a lot of cases.  We have

11  done everything we can, in addition --

12         THE COURT:  I'm not criticizing you.  I'm not

13  criticizing anybody at counsel table.

14         MR. MCMAHON:  Your Honor, if I might, the government

15  was under an obligation, until a few days ago, to have all

16  three defendants ready for trial on September 15th.  Under Your

17  Honor's proposed same date, now they don't have to worry about

18  Mr. Carneglia the entire five alleged murders until next

19  January or thereafter.

20         I do believe that the case against -- the two cases of

21  Mr. Decongilio and Mr. Corozzo, the government clearly could be

22  ready on August 18th.  It is no more of a burden than it is for

23  the defendants.  All the extortions -- there may be multiple

24  extortions, but they all revolve around Mr. Valero, one simple

25  person.

1          I think it's clearly August 18th, subject to

2    consultation with Mr. Corozzo and Mr. White, of course.  I

3    don't think that the government should be allowed to say that

4    they can't be ready, when they had to be ready for all three on

5    September 15th.

6          THE COURT:  I suppose I could do Corozzo with

7    Carneglia.  I can't go into September because I have a capital

8    case, which we sent down to Washington.  The government sent it

9    down.  Shouldn't be a capital case.  I think everybody

10   understands that.  But Washington wants it as a capital case.

11   Four years, it has been up to the Second Circuit, and I can't

12   hold it off.  I mean, that is an immovable rock in my calendar,

13   September 15th, one month, two months.

14         We've got the gun cases, which has been straggling,

15   and I have this other case involving securities, where

16   defendants, if they're acquitted, they're just ordinary

17   law-abiding citizens.  They're entitled to get that weight off

18   that's been hanging for years.

19         MR. MCMAHON:  Judge, perhaps we could consult with the

20   clients now, to make our decision as to whether we wish to go

21   --

22         THE COURT:  Why don't you try to do that?

23         MR. MERBERG:  Your Honor, James Merberg for Mr.

24   Decongilio.

25         I filed a renewed motion for severance, addressing all

these issues. Mr. Decongilio's cases, Your Honor may recall, there are two -- he is only charged in Count One, and I know the government's been wielding the sword about superseding. They have done that from the beginning. Nothing has happened as of yet.

But the two predicate acts, one involves, as I understand from Mr. Lipton -- he can correct me if I'm wrong -- a conspiracy involving one pound of marijuana. The other predicate acts, I believe, two individuals as John Doe Two and Three, claimed extortionate extension of credit.

Mr. Decongilio is not in custody. He has been released from the first day. He's appeared on every occasion. Maybe it would be appropriate simply to continue his case to when Your Honor's schedule lightens up. I think we can try it in the four days I think the Court is correct on --

THE COURT: You're not going to rush --

MR. MERBERG: I want to talk to my client, but I haven't received one drop of discovery, not one drop. I received a lot of letters, but none of it has anything to do with Mr. Decongilio.

We're talking about a nine-year-old marijuana conspiracy. I don't think the evidence is going to get any better or any worse. They either have it or they don't. They haven't chosen to turn over the information.

THE COURT: Can the marshals allow counsel, arrange

1  for counsel to consult someplace in the building?

2            What time is it?

3            THE CLERK:  We have a calendar right through 2:30.

4            THE COURT:  Polizzi is a heavy motion.  Then we have a

5  sentencing at 11:30.  I guess we could make it at 12.  And we

6  have a two o'clock, 2:30.

7            MR. MCMAHON:  Your Honor, I don't think we need more

8  than five minutes to speak to our clients, rather than bog down

9  your schedule.  I think I could speak to my client in a matter

10 of minutes.  I think my brother counsel can, as well.

11           THE COURT:  Well, the simplest way to handle it might

12 be for everyone to clear the courtroom except counsel and the

13 defense.  We'll just leave the courtroom.  Clear the courtroom,

14 and the marshals will remain.  And it's ten -- after ten.

15 We'll convene at 10:15.

16           MR. MCMAHON:  That's fine.

17           THE COURT:  Everybody else out, including the

18 reporter.

19                      (Recess)

20           THE COURT:  Now, what's the view of defense counsel?

21           MR. WHITE:   Your Honor, Dermuid White, if I may be

22 heard.

23           The case against Mr. Corozzo involves a double

24 homicide in which he's not alleged to have been involved in

25 executing the murder itself, but to have ordered it.  So the

1   evidence against him will be basically cooperator testimony,

2   Your Honor.  They'll not be a lot of dispute about forensics or

3   crime scene evidence like that.

4        The murder itself, the alleged shooter in that, has

5   already been tried in the Southern District a few years ago,

6   and the total amount of evidence that went into that murder

7   proof lasted about a week, I would say, over a lengthier trial,

8   but just on that charge.

9        There are ten racketeering acts of extortion against

10  Mr. Corozzo, but they all involve one witness, the cooperator,

11  Joseph Valero.  So, although it sounds like a lot of

12  extortions, it's still one witness.  It's the government's

13  choice how many tapes they want to play, but I don't see the

14  case as being all that complicated.

15       Mr. Corozzo is incarcerated.  He's anxious for an

16  early trial.  We don't want to wait until December or January,

17  and we're ready and willing to go forward on August 18th, and

18  we think you would have plenty of time for your September 15th

19  trial, Your Honor.

20       We will not oppose an anonymous jury.  We'll oppose a

21  sequestered jury or partially sequestered jury.  I don't

22  believe there will be a lot of litigation here in terms of

23  extensive motion practice.

24       We have a fairly good grip on the case in terms of

25  what's involved in legal issues and the factual issues, so I

think we can go forward on the 18th, and you know, we'll be

finished by the 15th.

THE COURT:  Thank you.

MR. MCMAHON:  I totally agree with Mr. White, as does

Mr. Corozzo.

THE COURT:  Government?

MR. LIPTON:  Judge, we disagree with the assessment by

defense counsel for Mr. Corozzo.  It's just not that simple

that it's going to be done by September 15th.

While the double murder charge was subject to a case

in the Southern District that Mr. White was involved in, and

maybe the evidence of the murder went in a week, the

extortions, which there's one main cooperator witness, but

there are other witnesses.

There are just an exorbitant number of tapes that

involve discreet extortions that are charged individually, and

while it may be largely one victim, the explanation for each of

them involves a number of tapes involving not just Mr. Corozzo,

but the people who were under him and those involved that will

literally take a few weeks to get through.

In addition, there's gambling charges, which there's a

number of tapes, include wire tape recordings that we have to

go into.

I'm not saying this to try to delay matters.  The

reality is that even with Your Honor trying to make sure we

streamline this as much as possible, which we think is always
to the benefit of all sides, it's just not going to get done
that quickly.

        And I'm even putting aside just the preparation to get
that in order, which would -- maybe if we had 13 days free of
anything else, we could try to do it, which I just don't think
we really would -- but in this case, we have a number of
sentencings, which we have been trying to respond to
submissions and get done as quickly as possible.

        And we have a situation here, Your Honor, where Mr.
Corozzo was a fugitive for four months.  He voluntarily turned
himself in, but he knew the indictment was out there.  He's now
trying to get an immediate trial, which he has a right to do,
except that to do that, he has to take away time that the
government's got to put into trying to get the people sentenced
who didn't flee, and trying to get the people sentenced who
have submitted things that we have a right to respond to.

        Mr. Corozzo recently took a plea to a state charge.
He's facing five to 15 years, Judge.  So he's going to be
incarcerated for that period of time, roughly ten years, no
matter what.  So it's not as if we have somebody who needs to
get their trial immediately, so that they can resolve those
charges and get out.

        If he does win in this case, Your Honor, when that
comes to pass, he is going to be facing time in the state,

1  which is at a minimum, from my understanding, five years and

2  most likely around ten years.

3       They should press their rights where appropriate, but

4  in this case, doing it in 13 days from today's date is just not

5  reasonable, from the government's perspective.

6       MR. WHITE:  Your Honor, just a factual correction.

7  His state plea is conditional.  If he is acquitted in this

8  case, that plea is withdrawn, and any sentence he gets in that

9  case would be concurrent in this case.

10      MR. MCMAHON:  Judge, to correct the record, Mr.

11  Corozzo has, through Mr. White, pressed for an immediate trial,

12  right from the beginning moment he surrendered.

13      THE COURT:  Yes, I know he has.

14      Well, the government was supposed to have been ready

15  to try this case shortly after the indictments came down, and

16  that's months and months and months ago.

17      The speedy trial rule provides for a delay, but that

18  delay has not been justified for many months, except for when

19  the case was characterized as complex by this Court.

20      I believe that it can be well tried, fairly tried to

21  the defendants and the government, if it's set down for

22  August 18th.

23      We'll select the jury.  I don't understand why it has

24  to be an anonymous jury.  I am certainly not going to use a

25  sequestered jury, but I don't care for anonymous juries.  Why

1    anonymous?

2            MR. LIPTON:  We can address that.  Because an

3    anonymous jury is necessary here because of the safety of the

4    witnesses and of the jurors.  We have the Gambino family, who

5    has a long history, and even we have more recent information

6    about jury tampering in a number of trials -- in fact, trials

7    in which Mr. Corozzo was a defendant, where it's clear that the

8    jury was tampered with, and which resulted in the acquittals of

9    Mr. Corozzo on one case back in the eighties.

10           THE COURT:  All right.  I'll give you an anonymous

11   jury.

12           MR. LIPTON:  Judge, just to address the 18th date, I

13   mean, just on the equities, we're trying to do everything we

14   could to be ready by the September date, which we had

15   previously been ordered by Your Honor, and working around the

16   clock to --

17           THE COURT:  Yes, but the September date included the

18   other defendant who is a main defendant, who is the most

19   difficult to prepare for, which I'm severing.

20           MR. LIPTON:  Your Honor, we were doing both.  It's not

21   as if one person's doing both.  We have a number of people

22   obviously here.

23           THE COURT:  I'm not criticizing you.  The U. S.

24   Attorneys have handled the case well.  You have a very large

25   staff assigned to it.

1      But we have to move on.  I'm going to sever it, and

2  set these two defendants down.

3      MR. MERBERG:  Your Honor, with regard to

4  Mr. Decongilio, we did consult with him first.  We would be

5  willing to waive any speedy trial claims.  It's 13 days from

6  today that we would be picking a jury.  I have received no Rule

7  16 discovery, no Jenks, no 404, nothing.

8      THE COURT:  Give him all this discovery.

9      MR. LIPTON:  Judge, he has all the discovery that he's

10  going to get as to those charges, Your Honor.  We also do think

11  --

12      THE COURT:  You have given him everything?

13      MR. LIPTON:  We have given him everything as to the

14  charges.

15      THE COURT:  You'd better get together and consult, and

16  find out what you think you didn't get.  He thinks you've got

17  everything.

18      MR. MERBERG:  I can say we haven't received any

19  experts, any scientific, anything under the Rule.  I haven't

20  received one shred of evidence directly against Mr. Decongilio.

21  There are no wiretaps.  There are no surveillance photographs.

22      There is no physical evidence, but I've received

23  nothing else, no information about with whom he's alleged to

24  have conspired, nothing.  No enterprise information, not one

25  shred of evidence, Your Honor, directly related to Mr.

1    Decongilio.  If I'm in error, I invite my brother to explain to

2    the Court.

3              MR. LIPTON:  Judge, we have given him everything.

4    There is no scientific evidence.  This is largely a cooperator

5    case, and as Your Honor knows, cooperator cases are largely

6    testimony.

7              THE COURT:  Do they know who the cooperating witness

8    is going to be?

9              MR. LIPTON:  I don't know.

10             MR. MERBERG:  The answer is no, Judge.

11             THE COURT:  Who is the cooperating witness, again?

12             MR. LIPTON:  We're not at liberty at this time to say.

13             THE COURT:  Well, when are you going to be at liberty?

14             MR. LIPTON:  Well, Judge, it depends when Mr.

15   Decongilio would be set down for trial.

16             THE COURT:  Well, I'm setting it down for trial for

17   August 18th.  I've just done that.

18             MR. LIPTON:  Well, I just didn't know if Mr.

19   Decongilio was amenable to that, Your Honor.

20             THE COURT:  He's amenable if he gets his discovery.

21   When were you going to give him the discovery?

22             MR. LIPTON:  We have given him the discovery, Your

23   Honor.  There's probably some enterprise evidence that will be

24   coming, but --

25             THE COURT:  Who is the chief witness against him?

1          MR. LIPTON:  We're not at liberty at this time to say,

2    because we are -- if we're going to be trying to go to trial,

3    there is a lot of history of tampering with witnesses. We're

4    very concerned.

5          THE COURT:  You can't do that.  You can't do that.

6    You have got to -- he's got to know who the witness is.  He's

7    got to know what transcripts are going to be used against him.

8          MR. LIPTON:  Absolutely, Your Honor, and we do that --

9          THE COURT:  You must have had that when the grand jury

10   indicted him.

11         MR. LIPTON:  Judge, there's no transcript as to Mr.

12   Decongilio.

13         THE COURT:  Are there any wiretaps?

14         MR. LIPTON:  No.  Mr. Merberg knows that.

15         THE COURT:  All right.  That's conceded.

16         MR. MERBERG:  That I understood, Your Honor.

17         THE COURT:  That's not -- the only question is, is it

18   a one-witness case against him?

19         MR. LIPTON:  No, Your Honor.

20         THE COURT:  How many witnesses?

21         MR. LIPTON:  There are probably, in terms of

22   cooperators, three or four.

23         THE COURT:  That are going to testify against him?

24         MR. LIPTON:  Correct, Judge.

25         THE COURT:  All right.  Give him the witnesses' names.

1    Today's Tuesday?  Give it to him by next Monday.

2              MR. LIPTON:  Your Honor --

3              MR. MERBERG:  Would that include the Jenks material,

4    as well, Your Honor?  These witnesses have testified in other

5    cases.  I'm a sole practitioner.  I need to have the

6    information.

7              THE COURT:  Give him the Jenks, too.

8              MR. LIPTON:  Given the tight time frame, we'll give

9    them 3500 consistent with the rule.  We'll do everything we can

10   do to get that.

11             THE COURT:  The case is assigned to a magistrate judge

12   to expedite discovery.  If you have any complaints, take them

13   to the magistrate judge.

14             MR. MERBERG:  Your Honor, that's fine.  What's the

15   existing order in terms of turning over the materials that you

16   have directed?  Will that be by next Tuesday or by Monday?

17             THE COURT:  Monday.

18             MR. MERBERG:  Received by Monday?

19             MR. LIPTON:  I know Your Honor's views on superseding,

20   but I think the government --

21             THE COURT:  I have no superseding before me.

22             MR. LIPTON:  Correct, Your Honor.

23             THE COURT:  I've got an indictment.

24             MR. LIPTON:  Yes.

25             THE COURT:  That's what I'm ordering.

1           MR. LIPTON:  I understand.

2           THE COURT:  If there's a superseding, I'll consider

3    it.

4           MR. LIPTON:  Thank you, Judge.  I just want to make

5    sure that everyone is on notice that it may be coming, and I

6    just don't want Your Honor to then say --

7           THE COURT:  No.  I have no superseding indictment

8    before me.

9           MR. MERBERG:  Just so --

10          THE COURT:  I can't make decisions based on

11   hypotheticals.

12          There is now a superseding indictment?

13          MR. MERBERG:  Yes, Your Honor.

14          THE COURT:  Have they pleaded?

15          MR. MERBERG:  As to Mr. Decongilio, he's charged again

16   in the same one count.

17          THE COURT:  Has he pleaded?

18          MR. MERBERG:  He has not pleaded.

19          THE COURT:  How does he plead?

20          THE DEFENDANT:  He pleads not guilty.

21          THE COURT:  And does he waive reading?

22          MR. MERBERG:  Yes, Your Honor.

23          MR. MCMAHON:  Same with Mr. Corozzo.

24          THE COURT:  He pleads not guilty?

25          MR. MCMAHON:  Yes, Judge.

1          THE COURT:  Waives the reading?

2          MR. MCMAHON:  Yes, Judge.

3          THE COURT:  All right.  Now, as to Carneglia --

4          MR. FARBER:  Yes, Your Honor.  He needs to be

5  arraigned on the superseding indictment, as well, Your Honor.

6          THE COURT:  How does he plead?

7          MR. FARBER:  Not guilty.

8          THE COURT:  Waives the reading?

9          MR. FARBER:  He does, Your Honor.

10         THE COURT:  June, January for him, first week in

11 January.

12         THE CLERK:  January 5th.

13         THE COURT:  Mr. Carneglia is set down for trial

14 January 5th.

15         MR. FARBER:  That's fine, Judge.

16         MS. SHARKEY:  Judge --

17         THE COURT:  2009.

18         MS. SHARKEY:  Your Honor, there are issues of

19 discovery compliance.

20         THE COURT:  I don't want to take them up this morning.

21         MS. SHARKEY:  Okay.

22         THE COURT:  Respectfully refer it to the magistrate

23 judge, and take them up.  If you don't get a satisfactory

24 decision -- but I don't see any point in burdening everybody

25 with those matters at this point.  The government has to

1    concentrate on these two defendants, not Carneglia.

2              MR. LIPTON:  Yes, Judge.  And we obviously have to

3    deal with the sentencings that are going to be coming up in the

4    next 13 days, which is going to obviously hamper our ability to

5    prepare.

6              THE COURT:  I don't see why it will hamper your

7    ability.  The pattern is very clear in those sentences, subject

8    to hearing every defendant and the government and every witness

9    and every restitution witness that you proffer, the pattern is

10   very clear.

11             They come within the guidelines, at the lower end.

12   And I don't know what the great difficulty is.  They all have

13   been dealt with plea agreements.  You're really at this stage

14   pretty cut and dry.

15             MR. WHITE:  Your Honor, can I address a collateral

16   issue here?

17             THE COURT:  (Nods head affirmatively.)

18             MR. WHITE:  Mr. Corozzo surrendered on May 29th.  He

19   has been in custody since then.  He has not had medical

20   treatment, has not been seen by a doctor or any other person.

21   I want to make sure when he starts on trial on August 18th,

22   that he is in good health and is going to be healthy throughout

23   the trial.

24             THE COURT:  Well, he should see a doctor.  Did you

25   check --

1          MR. WHITE:  The government is participating with me.

2          THE COURT:  What's his problem?

3          MR. WHITE:  Well, he has prostate cancer, Your Honor.

4          THE COURT:  Cancer or an indication?

5          MR. WHITE:  No, cancer.  He's had --

6          THE COURT:  How old is he?

7          MR. WHITE:  He's 68 years old, Your Honor, a young

8    man.

9          THE COURT:  Read today's New Yorker.  Very

10   encouraging.

11         MR. WHITE:  But we may need the Court's help if he --

12         THE COURT:  I am always available.

13         MR. WHITE:  He had a couple of appointments, and they

14   were just canceled.

15         THE COURT:  The Court is always here.

16         MR. WHITE:  Thank you, Your Honor.

17         THE COURT:  How many jurors do we think we're going to

18   need?

19         MR. LIPTON:  Given that it's an anonymous jury, Your

20   Honor --

21         THE COURT:  And the summer.

22         MR. LIPTON:  And the summer, I think roughly two to

23   three hundred, and that may be on the low end.  I think --

24         THE COURT:  Put in an order for 300 jurors.  We have

25   to put it in immediately.  That's why we have to fix the date

1   immediately.

2          MR. LIPTON:  And Your Honor, just so it's clear, the

3   jury selection would be starting on the 18th.  Did you refer

4   that to the magistrate?  It's anonymous.  I think Your Honor

5   handles that.

6          THE COURT:  I think I ought to handle it, because

7   we'll get done -- not better, but quicker, and then we can go

8   into immediate openings.

9          You're not going to use -- or are you going to want to

10  use a questionnaire?

11         MR. LIPTON:  Yes, Judge.  We will prepare one and get

12  to that defense counsel.

13         THE COURT:  And now, we ought to set it down for in

14  limine questionnaire rulings and other matters for hearing next

15  week.  Thursday or so?

16         MR. LIPTON:  I would say Thursday, we try to resolve

17  that.

18         THE COURT:  August 14th, 10 a. m.  And the parties

19  will get together and work on the questionnaire, if they don't

20  agree on it.

21         Anything further?

22         MS. SHARKEY:  Judge, when would you -- with the

23  January 5th trial date, we have some substantive motions to

24  file.  What date would you like us to file them on?

25         THE COURT:  Whenever you want to.  I really -- I would

1    say the September.

2            MS. SHARKEY:  Okay.

3            THE COURT:  Make them returnable mid-September.

4            MR. MERBERG:  Your Honor, just for the record, on

5    behalf of Mr. Decongilio, having represented to Your Honor we

6    waived the speedy trial, we're asking the Court to consider a

7    severance in the Decongilio/Corozzo matter for the same reason

8    that I raised in my last submission, which has been filed.

9            I understand the government has filed an opposition.

10   The issues remain essentially identical, other than we're not

11   in the same case now with Mr. Carneglia.

12           THE COURT:  Denied.  The Court has considered the

13   matter.  A trial together will not prejudice your client, and

14   will substantially add to the efficiency of the court and the

15   United States Attorney's Office.

16           MR. MERBERG:  Does the Court intend to work full trial

17   days?  The reason I ask --

18           THE COURT:  Yes.

19           MR. MERBERG:  -- is to ask the Court to give me a

20   protective order, because I have other matters already

21   scheduled for trial.

22           THE COURT:  Draft it and I'll sign it.

23           MR. MERBERG:  All right.

24           MR. WHITE:  Will we be sitting all five days, Your

25   Honor?

1          THE COURT:  We will.

2          Anything further?

3          MR. MCMAHON:  No, Judge.

4          MR. MERBERG:  Thank you, Your Honor.

5          MS. SHARKEY:  Thank you, Your Honor.

6          THE COURT:  Thank you all.

7          MR. MCMAHON:  Thank you, Your Honor.

8                    (Proceedings concluded.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25